UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT BAKER,

      Plaintiff,

v.                                    Case No. 8:25-cv-128-VMC-SPF

KURT A. HOFFMAN as
SHERIFF OF SARASOTA COUNTY,
FLORIDA,

      Defendant.

_____/

## ORDER

This matter comes before the Court pursuant to Defendant Kurt A. Hoffman's Motion for Order Granting Request for Entitlement to Attorneys' Fees (Doc. # 48), filed on April 13, 2026. Plaintiff Scott Baker responded on May 4, 2026. (Doc. # 52). For the reasons that follow, the Motion is denied.

## Discussion

On January 16, 2025, Mr. Baker initiated this action against Kurt A. Hoffman, as Sheriff of the Sarasota County Sheriff's Office ("SCSO"), asserting claims of retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA"). (Doc. # 1). On March 27, 2026, the Court granted SCSO's motion for summary

1

judgment (Doc. # 45). On March 30, 2026, the Clerk entered judgment against Mr. Baker on all counts of the complaint. (Doc. # 46). On April 13, 2026, SCSO filed the instant Motion seeking an award of attorneys' fees. (Doc. # 48).

"A court, in its discretion, may award reasonable attorney's fees under Title VII [and the FCRA] to a prevailing party as part of its costs." Loos v. Club Paris, LLC, 731 F. Supp. 2d 1324, 1328 (M.D. Fla. 2010) (citing 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 1988(b); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 416, 421-22 (1978)); see also Hamilton v. Sheridan Healthcorp, Inc., 700 F. App'x 883, 885 n.1 (11th Cir. 2017)) ("Christiansburg is a Title VII case, but the same standard governs the fee provisions that apply to . . . Florida Civil Rights Act claims."). "Congress expressly conferred upon this court broad discretion when making a determination of an award of fees." Tufaro v. Willie, 756 F. Supp. 556, 560 (S.D. Fla. 1991).

"The Court reviews the evidence in the light most favorable to the non-prevailing party when determining whether to award attorney's fees." Lowe v. STME, LLC, No. 8:18-cv-2667-VMC-SPF, 2019 WL 2717197, at *1 (M.D. Fla. June 28, 2019) (citing Johnson v. Florida, 348 F.3d 1334, 1354 (11th Cir. 2003)). "A court may award attorney's fees to

prevailing defendants for Title VII claims 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Id. (quoting Christiansburg, 434 U.S. at 421).

"Frivolity determinations are made on a case-by-case basis and take into account various factors, including: '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'" Id. at *2 (quoting Sullivan v. School Bd., 773 F.2d 1182, 1189 (11th Cir. 1985)). "The Eleventh Circuit has added a fourth factor: whether a claim is 'meritorious enough to receive careful attention and review.'" Id. (quoting Busby v. City of Orlando, 931 F.2d 764, 787 (11th Cir. 1991)).

Here, the first three factors weigh in favor of SCSO. Indeed, "[t]he first three factors are typically met in any case where a defendant prevails on a dispositive motion and the defendant does not offer to settle." Id. The Court granted SCSO's motion for summary judgment because Mr. Baker failed to establish a prima facie case. (Doc. # 45 at 27). Judgment was entered against Mr. Baker without the need to go to trial.

(Doc. # 46). Further, nothing in the record suggests that SCSO offered to settle with Mr. Baker.

Those factors, however, are not dispositive because "allegations that prove to be legally insufficient are not necessarily 'groundless' or 'without foundation.'" Lowe, 2019 WL 2717197, at *2 (citing Hughes v. Rowe, 449 U.S. 5, 15 (1980)). "A defendant is not automatically entitled to fees simply because the defendant prevailed on a dispositive motion." Id. (citing Ruszala v. Walt Disney World Co., 132 F. Supp. 2d 1347, 1351 (M.D. Fla. 2000)). "The Court must also consider the fourth factor promulgated in Busby to determine whether a claim received careful attention and review despite its dismissal." Id. (citing Hughes, 449 U.S. at 15). Further, the Supreme Court has explained:

> [I]t is important that district courts resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

Christiansburg, 434 U.S. at 421-22. Indeed, courts have "been reluctant to award fees unless the plaintiffs refused to acknowledge clear precedent or asserted a claim which was

4

based knowingly on a nonexistent interest." Ruszala, 132 F. Supp. 2d at 1351. A claim must be "patently devoid of merit" to be frivolous. Sullivan, 773 F.2d at 1189.

Here, although the first three factors favor SCSO, the fourth factor does not. The Court's 44-page Order on summary judgment (Doc. # 45) shows "careful attention and review" of Mr. Baker's claims. See, e.g., Alvarez v. Lakeland Area Mass Transit Dist., No. 8:19-cv-1044-VMC-SPF, 2020 WL 13119059, at *6 (M.D. Fla. Oct. 2, 2020) (recommending denial of attorney fees because "the Court's 54-page order granting summary judgment in favor of Defendant shows careful consideration of Alvarez's allegations"), report and recommendation adopted, No. 8:19-cv-1044-VMC-SPF, 2020 WL 13119060 (M.D. Fla. Oct. 22, 2020); see also Allison v. Parise, No. 8:12-cv-1313-EAK-EAJ, 2014 WL 1763205, at *4-6 (M.D. Fla. Apr. 30, 2014) (explaining that the court carefully considered claims because the court addressed each claim on its merits and provided reasoned analysis for the dismissal). The record does not reflect that Mr. Baker "asserted a claim which was based knowingly on a nonexistent interest," or that his arguments rose to the level of a "refus[al] to acknowledge clear precedent." Ruszala, 132 F. Supp. 2d at 1351. The Court's detailed discussion of the parties' evidence and

legal arguments in the Order on summary judgment reveals that Mr. Baker's claims were not "patently devoid of merit" and thus were not frivolous. Sullivan, 773 F.2d at 1189.

Moreover, the Eleventh Circuit has cautioned that "[p]olicy concerns militate against awarding attorney's fees to defendants in civil rights cases because such practice may discourage plaintiffs from bringing civil rights lawsuits." Sayers v. Stewart Sleep Ctr., Inc., 140 F.3d 1351, 1353 (11th Cir. 1998). Those concerns are salient here, where Mr. Baker claimed the retaliation was in response to his alleged support of another employee who had previously brought discrimination claims against SCSO. In light of this record, the Court is not persuaded that an award of attorneys' fees is warranted.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Kurt A. Hoffman's Motion for Order Granting Request for Entitlement to Attorneys' Fees (Doc. # 48) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of May, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6